# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-0296V
**CORRECTED**

|  |  |
|---|---|
| RICHARD AOCHI,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: July 14, 2025 |

*LeeAnne Pedrick, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Nina Ren, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 26, 2024, Richard Aochi filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered from Guillain-Barre Syndrome as a result of receiving an influenza vaccine on October 28, 20222. Petition, ECF No. 1. On November 14, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 23.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $37,105.68 (representing $36,017.40 in fees plus $1,088.28 in costs). Application for Fees and Costs ("Motion") filed January 9, 2025, ECF No. 30. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 30-3.

Respondent reacted to the motion on January 13, 2025, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-4, ECF No. 31. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested by attorneys Costigan, Strait, Robinson and their supporting paralegals for work performed between 2023-24 are reasonable and consistent with prior determinations. Petitioner has also requested that I apply the following hourly rates for work performed by attorney LeeAnne Pedrick: $315.00 for work performed in 2024 and $348.00 for work performed in 2025. Based on attorney Pedrick's experience, I find her proposed rates to be reasonable and within the appropriate ranges based on the OSM Attorney's Fee Schedules.[3] Also, it appears that attorney Pedrick has not yet received an established hourly rate for work performed in 2023. Thus, I hereby award attorney Pedrick the rate of $270.00 for work performed in 2023. However, I find a minor reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

A review of the billing records reveals several entries billed on tasks considered administrative in nature.[4] But billing for administrative tasks is not permitted in the Vaccine Program. See *Rochester* v. *U.S.*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Tasks that are "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri* v. *Jenkins*, 491 U.S. 274, 288 n.10 (1989). Attorneys, thus, may not

---

[3] The Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules

[4] Billing entries considered administrative in nature are dated as follows: 2/27/24: "analyze PAR initial order for action needed. Update case deadlines and file notes." 3/27/24: "review docket for update on case; update file." 5/10/24: "review docket for recent filings and upcoming deadlines. Update notes to file." 6/13/24 (two entries); 6/17/24: "analyze SPU initial order for actions needed. Update case deadlines and file notes." 6/20/24: "Review initial Scheduling Order; update notes." 10/7/24; 10/21/24: (two entries); 10/24/24; these billing entries add up to a combined total of $333.00 in fees claimed on tasks which are not reimbursable in the Vaccine Program. See ECF No. 30-1.

separately charge for clerical or secretarial work because those charges are overhead for which the hourly rate accounts. See *Bennett* v. *Dep't of Navy*, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983). See also *Floyd* v. *Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); (stating that secretarial tasks include "scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system"); *Silver* v. *Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Accordingly, fees incurred for such tasks will not be reimbursed. **Application of the foregoing reduces the amount of fees to be awarded by $333.00.**

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 30-2. Respondent offered no specific objection to the rates or amounts. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$36,772.68. (representing 35,684.40 in fees plus $1,088.28 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.